# Exhibit A

DisplayWorks, LLC
8820 Columbia 100 Parkway, Suite 400
Columbia, MD 21045
(410) 884-1960
Fax: (410) 884-1457

January [16], 2008

Mr. Michael Bartley
4734 Amberwood Court
Carlsbad, CA 92008

Re: Letter of Understanding of Employment Terms

Dear Mike:

This letter of employment (the "Agreement") summarizes the agreement between you and Display Works, LLC, a Maryland limited liability company (the "Company"), regarding your employment as Vice President of Operations of the Company effective February 1, 2008 ("Effective Date").

1. **Salary**. The annual salary for this position during the Term (defined below) is $132,500.00 (the "Base Salary"), payable as per the Company's payroll policies, subject to annual reviews for increase, which increases shall be at the sole discretion of the Company.

2. **Incentive Compensation**: You will be eligible to earn an annual performance bonus for each calendar year of your employment with the Company. For calendar year 2008, the target annual non-discretionary bonus will be fifteen percent (15%) of your Base Salary (calculated as $19,875.00), which shall be payable if the Company achieves certain agreed-to financial performance goals delineated in the 2008 budget, which is expected to be completed by February 15, 2008.

In addition to the above non-discretionary bonus, you will be eligible for a discretionary bonus as determined by the Board of Directors (the "Board") of up to ten percent (10%) of your Base Salary.

The annual bonus with respect to any year, both discretionary and non-discretionary, if any, shall be paid within 30 days after the receipt by the Board of audited financial statements for the Company for the pertinent year.

3. **Benefits**: As an employee of the Company, you will be eligible to participate in the Company's established health and welfare plans, to include medical, dental, vision, life insurance and disability plans, fully paid for by the Company for the current Plan year. In addition, you will be eligible to participate in any future retirement plans generally available to all employees.

        You will also be covered by the Company's director and officer insurance when it is provided to, and be indemnified on the same basis as, other officers in the Company. The foregoing right of indemnification shall not be exclusive of any right to indemnification to which you may be entitled as a matter of law or otherwise, or any other power that the Company may have to indemnify you or hold you harmless.

    **4.**    **Vacation and Holidays**: You will be entitled to four weeks accrued vacation per calendar year to be taken in accordance with the Company's policies, in addition to those paid holidays enjoyed by all Company employees.

    **5.**    **Business Expenses**: The Company will pay for or reimburse authorized, proper and documented business-related expenses that you may incur in discharging your duties.

    **6.**    **Confidentiality, Non-Solicitation and Non-Compete Agreement**: The Company's obligations in this Agreement are conditioned upon your execution of the Confidentiality, Non-Solicitation and Non-Compete Agreement in Attachment A to this Agreement, which is incorporated herein by reference.

    **7.**    **Outside Employment**: Your position with the Company is a full time responsibility requiring your full loyalty and dedication. So that you can do your best, we require that you do not work for another employer while you are employed with the Company. Furthermore, the Company prohibits its employees from working for or investing money in any competitor of the Company or conducting their own business in competition with the Company whether during the Company's working hours or after the Company's work hours. <u>Except for handling two existing consulting clients named as Realty Income and General Atomics Aeronautical Division which have existing service commitments. These commitments will not interfere with my position or duties at Displayworks.</u>



    **8.**    **Severance**: If the Company terminates your employment other than for "Cause" (which is defined below), subject to the execution of a standard release of all employment-related claims against the Company and its subsidiaries and each of their employees, officers and directors (a "Release"), you shall be entitled to a severance payment, payable per the Company's payroll policies, equal to six months of your Base Salary then in effect. In addition, the Company shall maintain your medical and dental insurance coverage at the same level in force on the date when severance begins until the last day of such foregoing severance period. At the Company's option such continued medical and dental coverage shall be through its payment of your COBRA premiums for the applicable period and, if the Company elects that method of satisfying this obligation, you agree to timely make any elections required in order to secure COBRA coverage.

    "Cause" shall mean (A) a conviction of, or a pleading of no contest to, a crime of moral turpitude, a felony, or any crime involving dishonesty; or (B) fraud, embezzlement, gross negligence, self-dealing, dishonesty or other gross and willful misconduct which has caused injury to the Company; (C) material violation by you of any material Company policy; (D) willful and continuing failure to follow any lawful directive of the Board or substantially perform your duties (other than as a result of a Disability (defined below)) which failure continues beyond fifteen (15) days after a written demand for corrective action is delivered to you by the Company; (E) your failure to reasonably cooperate in an investigation involving the Company by any governmental authority; (F) your knowing and intentional failure to comply with laws

applicable to the Company's business; or (G) your use of alcohol or drugs which, in the Board's judgment, interferes with the performance of your duties.

9. **Voluntary Termination**: You may resign employment under this agreement by giving 30 days written notice of resignation. In the event you voluntarily terminate your employment with the Company for any reason, the Company shall have no further obligation or liability to you whatsoever, under this Agreement or otherwise.

10. **Death or Disability of the Employee:** Your employment shall terminate upon (i) your death, and (ii) at the option of Company upon not less than sixty (60) days' prior written notice to you or your personal representative or guardian, if you suffer a Disability (as defined below).

For purposes of this Agreement, "Disability" shall mean if (a) in the reasonable judgment of the Board you are unable to perform each of the material duties required of your position, and that such disability has lasted for three (3) consecutive months or (ii) you qualify for benefits under the Company's long-term disability coverage, if any. If you dispute whether you are Disabled, the Company shall select a physician to provide a written determination as to whether you are unable to perform each of you position's required material duties due to a medically determinable disease, injury or other physical or mental disability, and that such disability has lasted for the immediately preceding ninety (90) days and is reasonably expected to last an additional ninety (90) days, in each case based upon medically available reliable information. You agree that you will cooperate with any reasonable medical examinations requested by the Company.

11. **Nondisparagement:** During your employment with the Company and for a period of one (1) year thereafter you shall make no unfavorable, disparaging or negative comment, remark or statement, whether written or oral (a "Disparaging Statement"), about the Company or any of its affiliates, officers, directors, shareholders, consultants, or employees; provided that you may give truthful testimony before a court, governmental agency, arbitration panel, or similar person or body with apparent jurisdiction and may discuss such matters in confidence with your attorney(s) and other professional advisors. During the foregoing period, the Company and its officers and directors (acting in their capacity as officers and directors of the Company) shall make no Disparaging Statement about you; provided that any officer or director may give truthful testimony before a court, governmental agency, arbitration panel, or similar person or body with apparent jurisdiction and may discuss such matters in confidence with their or the Company's attorney(s) and other professional advisors.

12. **Term:** The term of this Agreement shall be two years from the Effective Date (the "Term").

13. **Miscellaneous.** This Agreement supersedes any prior oral or written understanding about the terms of your employment with the Company and any change to such terms must be in writing and signed by you and the Company. The section headings in this Agreement are solely for convenience of reference and shall not affect the interpretation or construction of this Agreement.

Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective only to the extent of such prohibition or unenforceability without invalidating or affecting the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.  No waiver, forbearance or failure by any party hereto of its rights to enforce any provision of this Agreement shall constitute a waiver or estoppel of such party's right to enforce any other provision of this Agreement or a continuing waiver by such party of compliance with any provision

This Agreement shall be governed by, and construed in accordance with, the laws of the State of Maryland, without regard to the conflict of laws principles.

This Agreement may be executed and delivered via facsimile in two or more counterparts, each of which is deemed to be an original, but all of which taken together shall constitute one and the same Agreement.

To indicate your acceptance of the terms of this Agreement, please sign and date this it in the space provided below, and return it to me.

Respectfully,

DISPLAY WORKS, LLC

By: James R. Bolduc
Title:  Vice President


Read and Accepted:

_____        1-16-08
Michael Bartley                                          Date