**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DISPLAY WORKS, LLC, | x<br>:<br>: | CASE NO. 2:16-cv-00583-MCA-MAH |
| Plaintiff, | :<br>: | Hon. Madeline Cox Arleo, U.S.D.J. |
| vs. | :<br>:<br>: |  |
| MICHAEL BARTLEY, an individual, and<br>DERSE, INC. | :<br>:<br>: |  |
| Defendants. | :<br>:<br>x |  |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION
## TO DISMISS PURSUANT TO RULE 12(B)(2)

Scott Commerson, Esq. (awaiting admission *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6890

Scott M. Cooper, Esq.
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230

*Attorneys for Defendants Michael Bartley and Derse, Inc.*

Eric H. Rumbaugh, Esq. (awaiting admission *pro hac vice*)
Luis I. Arroyo, Esq. (awaiting admission *pro hac vice*)
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202
(414) 271-6560

*Attorneys for Defendant Derse, Inc.*

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION. ........................................................................................... 1

II.    JURISDICTIONAL FACTS............................................................................ 1

     A.    Relevant Allegations Of The Complaint Regarding Personal Jurisdiction. ........... 1

     B.    Additional Facts Regarding Personal Jurisdiction................................................. 2

III.   LEGAL STANDARD..................................................................................... 3

     A.    Display Works Carries The Burden Of Establishing Personal Jurisdiction By A Preponderance Of The Evidence......................................................................... 3

     B.    The Court's Exercise Of Personal Jurisdiction Is Governed By New Jersey Law. ..................................................................................................................... 4

IV.   THE COURT LACKS GENERAL PERSONAL JURISDICTION OVER DEFENDANTS. ........................................................................................... 6

     A.    The Court Lacks General Personal Jurisdiction Over Derse. ............................... 7

     B.    The Court Lacks General Personal Jurisdiction Over Bartley............................. 11

V.    THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER DEFENDANTS. ......................................................................................... 10

     A.    The Court Lacks Specific Personal Jurisdiction Over Bartley And Derse. .......... 11

     B.    The Court Lacks Specific Personal Jurisdiction Over Display Works' Breach Of Contract Claim Against Bartley...................................................................... 13

     C.    Exercising Specific Personal Jurisdiction Over Defendants Would Not Comport With Traditional Notions Of Fair Play And Substantial Justice........... 15

VI.   THE DISTRICT OF NEW JERSEY IS NOT THE PROPER VENUE FOR THIS ACTION. ..................................................................................................... 16

VII.  CONCLUSION............................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*360 Mortgage Grp., LLC v. Stonegate Mortgage Corp.*,
   No. A-13-CA-942-SS, 2014 U.S. Dist. LEXIS 68567 (W.D. Tex. May 19,
   2014) .........................................................................................................................7, 8

*Ameripay, LLC v. Ameripay Payroll, Ltd.*,
   334 F. Supp. 2d 629 (D.N.J. 2004) .......................................................................5

*Asahi Metal Ind. Co. v. Superior Court of Cal.*,
   480 U.S. 102 (1987) .............................................................................................20

*Atkinson & Mullen Travel v. NY Apple Tours*,
   No. cv-97-4460, 1998 U.S. Dist. LEXIS 20393 (D.N.J. Sept. 14, 1998) ...........8, 13

*Baron & Co. v. Bank of New Jersey*,
   497 F. Supp. 534 (E.D. Pa. 1980) ..............................................................18, 19, 20

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ..................................................................................13, 14, 18

*C.O. Truxton, Inc. v. Blue Caribe, Inc.*,
   No. 14-4231, 2014 U.S. Dist. LEXIS 168457 (D.N.J. Dec. 5, 2014) .........23, 24, 25

*Calder v. Jones*,
   465 U.S. 783 (1984) ........................................................................................4, 16

*Carteret Sav. Bank, FA v. Shushan*,
   954 F.2d 141 (3d Cir. 1992) ...................................................................................4

*Cerciello v. Canale*,
   563 Fed. Appx. 924 (3d Cir. 2012) ........................................................................5

*Cmty. Surgical Supply of Toms River, Inc. v. Medline DiaMed, LLC*,
   No. 11-00221, 2011 U.S. Dist. LEXIS 82695 (D.N.J. July 27, 2011) ...................23

*Cottman Transmission Sys., Inc. v. Martino*,
   36 F.3d 291 (3d Cir. 1994) ...................................................................................23

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ....................................................................................passim

*Dialight Corp. v. Allen*,
   No. 15-1090, 2015 U.S. Dist. LEXIS 139444 (D.N.J. Oct. 14, 2015) ..............passim

*Epsilon Plastics, Inc. v. Goscin*,
　　No. 05-4935, 2006 U.S. Dist. LEXIS 17596 (D.N.J. Mar. 24, 2006)........................................7

*Erdman v. Union Pac. R.R.*,
　　No. 15-5776, 2015 U.S. Dist. LEXIS 153534 (D.N.J. Nov. 12, 2015) .....................................9

*Fisher v. Teva PFC SRL*,
　　212 Fed. Appx. 72 (3d Cir. 2006) ..........................................................................................20

*GE v. Deutz AG*,
　　270 F.3d 144 (3d Cir. 2001).....................................................................................................17

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
　　131 S. Ct. 2846 (2011)..........................................................................................................9, 11

*Hanson v. Denkla*,
　　357 U.S. 235 (1958)...................................................................................................................6

*IMO Indus. v. Kiekert AG*,
　　155 F.3d 254 (3d Cir. 1998)............................................................................................ passim

*Int'l Shoe Co. v. Washington*,
　　326 U.S. 310 (1945).................................................................................................................13

*Iraheta v. Linebarger Goggan Blair & Sampson LLP*,
　　No. 5:14-cv-413, 2015 U.S. Dist. LEXIS 102246 (M.D. Ga. Aug. 5, 2015) ...................20, 21

*Leroy v. Great W. United Corp.*,
　　443 U.S. 173 (1979).................................................................................................................22

*Miller Yacht Sales, Inc. v. Smith*,
　　384 F.3d 93 (3d Cir. 2004).....................................................................................................5, 18

*Novotec Pharma LLC, v. Glycobiosciences, Inc.*,
　　No. 15-1315, 2016 U.S. Dist. LEXIS 452 (D.N.J. Jan. 5, 2016).............................................10

*Pinninti v. NRI Med. College*,
　　No. 09-5356, 2010 U.S. Dist. LEXIS 55620 (D.N.J. June 4, 2010).......................................18

*Riedl v. McConchie*,
　　No. 14-3925, 2015 U.S. Dist. LEXIS 60309 (D.N.J. May 8, 2015).......................................12

*Shaffer v. Heitner*,
　　433 U.S. 186 (1997).................................................................................................................13

*Stefansky v. LaGamba*,
　　No. A-6265-03T1, 2005 N.J. Super. .......................................................................................19

*Touzot v. ROM Dev. Corp.*,
  No. 15-6289, 2015 U.S. Dist. LEXIS 140343 (D.N.J. Oct. 15, 2015) ....................................9

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ............................................................................... passim

*World-Wide Volkswagon Corp. v. Woodson*,
  444 U.S. 286 (1980) .................................................................................6, 14

STATUTES

28 U.S.C. § 1391(b) ....................................................................................22

28 U.S.C. § 1391(b)(1)-(3) ..............................................................................23

28 U.S.C. § 1406(a) ....................................................................................25

New Jersey Trade Secrets Act .............................................................................6

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b) ........................................................................1, 3, 4, 23, 25

U.S. Constitution ......................................................................................6

Defendants Michael Bartley ("Bartley"), an individual, and Derse, Inc. ("Derse"), by and through their attorneys of record, state as follows in support of their Motion to Dismiss Display Work's, LLC's ("Display Works") Complaint a for lack of personal jurisdiction.

## I.      INTRODUCTION.

On January 7, 2016, Bartley filed suit against Display Works, his former employer, in California Superior Court for Orange County seeking to invalidate his employment contract with Display Works (the "California Action").  Instead of arguing the validity of its contract with Bartley in the California Action, Display Works filed this action also seeking a judicial declaration regarding Bartley's employment contract and seeking to haul Bartley and Derse (collectively, "Defendants") into court in New Jersey despite the fact that neither Defendant has the requisite continuous, systematic, or minimum contacts with New Jersey sufficient to subject them to personal jurisdiction in this Court.  Simply put, Defendants' contacts with New Jersey are so tenuous that this Court has no choice but to dismiss Display Works' Complaint for lack of personal jurisdiction.

## II.     JURISDICTIONAL FACTS.

### A.      Relevant Allegations Of The Complaint Regarding Personal Jurisdiction.

Display Works' Complaint seeks an injunction and damages against Bartley and Derse for alleged wrongdoing related to Bartley's departure from Display Works and subsequent employment with Derse.  (Dkt. 1, ¶ 1.)  In sum, the Complaint alleges that Bartley breached his employment agreement with Display Works and that Bartley and Derse, collectively and individually, thereafter committed various torts against Display Works.  (*See generally*, Dkt. 1.)

DWT 28924855v2 0106016-000001

The Complaint alleges that Display Works is "organized in Maryland with its principal place of business in Parsippany, New Jersey." (*Id.*, ¶ 5.)[1]

The Complaint further alleges that "[t]his Court has personal jurisdiction over Bartley and Derse because each has the requisite minimum contacts with New Jersey sufficient to establish *in personam* jurisdiction." (Dkt. 1, ¶ 10.) This is the only allegation of the Complaint specific to personal jurisdiction. The complaint also alleges that Bartley had contacts with New Jersey through his employment with Display Works, including that Bartley: attended meetings held in New Jersey via teleconference, worked with and relied on Display Works' employees and offices located in New Jersey, regularly sent emails and made telephone calls to Display Works' New Jersey offices, and reported to and supervised Display Works personnel based in new Jersey. (*Id.*, ¶¶ 21-22.)

The Complaint does not contain *any* allegation that Bartley had *any* contact with New Jersey outside his employment with Display Works. (*See generally*, Dkt. 1.) Nor does it detail *any* alleged contact Derse may have with New Jersey. (*Id.*)

## B.     Additional Facts Regarding Personal Jurisdiction.

Derse is a Wisconsin corporation with its principal place of business located in Milwaukee, Wisconsin. (Declaration of Adam Beckett ("Beckett Decl."), filed herewith, ¶¶ 2-3.) Derse currently has three employees operating out of New Jersey. (*Id.*, ¶ 4.) These employees work out of their own individual homes in New Jersey. (*Id.*) Derse currently has a total of 456 employees. (*Id.*) Derse does not maintain corporate offices in New Jersey, does not own any real property in New Jersey, Does not lease any property in New Jersey, and does not maintain

---

[1] Defendants dispute Display Works' assertion that its principal place of business is located in New Jersey and maintain that Display Works is headquartered in Irvine, California. (Barley Decl., ¶ 3.) That issue, however, is not germane to the Court's lack of personal jurisdiction over Defendants.

any bank accounts in New Jersey.  (*Id.*, ¶¶ 5-8.)  Approximately 0.31% of Derse's revenue for 2015 was generated by business conducted in New Jersey.  (*Id.*, ¶ 9.)  In 2014 and 2013, those revenue amounts we approximately 0.17% and .08 % respectively.  (*Id.*)

Bartley is a former employee of Display Works.  (Declaration of Michael Bartley ("Bartley Decl."), filed herewith, ¶ 1.)  The agreement between Bartley and Display Works which is the subject of this action was presented to Bartley in California and negotiated and executed in California.  (*Id.*, ¶ 2.)  Bartley resided in California at all times during his employment with Display Works.  (*Id.*, ¶ 3.)  Bartley's job duties with Display Works were limited to running Display Works business in California and on the west coast.  (*Id.*, ¶ 5.)  Bartley did not work in New Jersey or perform any job responsibilities in New Jersey while working for Display Works.  (*Id.*, ¶ 6.)  Bartley substantially performed all business activities on behalf of Display Works from its Irvine, California office.  (*Id.*, ¶ 7.)  Bartley has no current contact with New Jersey nor any plans to have future contact with New Jersey pursuant to his employment with Derse.  (*Id.*, ¶¶ 8, 11.)  Bartley visited New Jersey one time on or about 4 years ago only because he was required to do so in connection with his Display Works employment.  (*Id.*, ¶ 9.)  Other than this single visit, Bartley's only contact with New Jersey was the contact he had through Display Works' New Jersey office.  (*Id.*)

## III.   LEGAL STANDARD.

### A.   Display Works Carries The Burden Of Establishing Personal Jurisdiction By A Preponderance Of The Evidence.

"A motion to dismiss for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2)."  *Dialight Corp. v. Allen*, No. 15-1090, 2015 U.S. Dist. LEXIS 139444, at *7 (D.N.J. Oct. 14, 2015).  When a defendant challenges personal jurisdiction, the plaintiff must "prove facts sufficient to establish personal jurisdiction by a preponderance of the

3

evidence." *Id.*(citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)); *see also IMO Indus. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998) ("[T]he plaintiff bears the burden of proving that personal jurisdiction is proper.")  To meet this burden in the absence of an evidentiary hearing, the plaintiff must demonstrate a prima facie case of personal jurisdiction via facts sufficient to confer personal jurisdiction over the defendant through sworn affidavits or other competent evidence.  *Dialight*, 2015 U.S. Dist. LEXIS 139444, at *7 (citing *Cerciello v. Canale*, 563 Fed. Appx. 924, 925 n.1 (3d Cir. 2012)).  "In other words, bare pleadings alone are insufficient to withstand a motion to dismiss for lack of personal jurisdiction."  *Id.* (quotations omitted).  If the plaintiff makes this prima facie showing by a preponderance of the evidence, the burden shifts to the defendant to demonstrate that the court's exercise of personal jurisdiction is unreasonable.  *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004).

**B.     The Court's Exercise Of Personal Jurisdiction Is Governed By New Jersey Law.**

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."  *Dialight*, 2015 U.S. Dist. LEXIS 139444, at *6 (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004)).  To exercise long arm jurisdiction, a federal court sitting in diversity must (1) apply the state's long arm statute "to see if it permits the exercise of personal jurisdiction;" and (2) "apply the precepts of the Due Process Clause of the Constitution."  *IMO Indus.*, 155 F.3d at 258-59.  "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution" and, as such, the Court need only evaluate whether the exercise of personal jurisdiction over a defendant comports with the Due Process Clause.  *Dialight*, 2015 U.S. Dist. LEXIS 139444, at

4

*6-7; *IMO Indus.*, 155 F.3d at 259. "New Jersey courts look to federal law for the interpretation of the limits on in personam jurisdiction." *IMO Indus.*, 155 F.3d at 259.

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citing *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). Thus, where a defendant is not physically present in the forum, "the plaintiff must show that the defendant has purposefully directed its activities toward the residents of the forum state, or otherwise purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *IMO Indus.*, 155 F.3d at 259 (quoting *Hanson v. Denkla*, 357 U.S. 235, 253 (1958) (citations omitted). As discussed below, a court may exercise general or specific personal jurisdiction over a nonresident defendant. *Id.*

This Court recently opined that it lacked both general and specific personal jurisdiction over a nonresident defendant on facts strikingly similar to those at issue here. In *Dialight Corp. v. Allen*, the plaintiff, a New Jersey corporation, sued its former employee for violation of the New Jersey Trade Secrets Act, civil conspiracy, breach of fiduciary duties, unfair competition, and tortious interference after the defendant left for a competitor and allegedly used the plaintiff's confidential and proprietary information for his own purposes in competition with the plaintiff. 2015 U.S. Dist. LEXIS 139444, at *3-6. The defendant moved to dismiss for lack of personal jurisdiction. *Id.* at 6. While this Court ultimately transferred the case to Texas based on a forum selection clause within the defendant's employment agreement, it also opined as follows with regard to its personal jurisdiction (or lack thereof) over the defendant:

> In the absence of a valid and enforceable forum selection provision, this Court would not have personal jurisdiction over Defendant for Plaintiff's claims because he lacks sufficient minimum contacts with New Jersey. This Court cannot exercise general jurisdiction over Defendant because he does not have

"continuous and systematic" contacts with New Jersey; Plaintiff
has provided no evidence, nor even alleges, that Defendant owns
any real property, maintains a bank account, or conducts a
significant portion of his business in New Jersey. . . . Nor can this
Court exercise specific jurisdiction, as all of Defendant's contacts
with New Jersey -- such as visiting Dialight offices in New Jersey
and accessing its computer servers in New Jersey remotely from
Texas -- were performed in furtherance of his employment and
"occasioned by Dialight's offices being located in New Jersey." . .
. See Walden v. Fiore,    U.S.   , 134 S. Ct. 1115, 1122, 188 L. Ed.
2d 12 (2014) ("The relationship [between Defendant and forum
state] must arise out of contacts that the 'Defendant himself'
creates with the forum state.") (quoting Burger King, 471 U.S. at
475); Epsilon Plastics, Inc. v. Goscin, No. 05-4935, 2006 U.S.
Dist. LEXIS 17596, at *11-14 (D.N.J. Mar. 24, 2006); see also 360
Mortgage Grp., LLC v. Stonegate Mortgage Corp., No. A-13-CA-
942-SS, 2014 U.S. Dist. LEXIS 68567, at *10-13 (W.D. Tex. May
19, 2014). Finally, this Court cannot exercise Calder jurisdiction
over Defendant because all of his alleged tortious activities, such
as interfering with Potyk's confidentiality agreement and using
confidential information to engage in unfair competition with
Plaintiff in Texas, were not "targeted" at New Jersey and will only
be indirectly felt by Plaintiff in New Jersey by virtue of its
principal place of business being located in this state. IMO Indus.,
Inc. v. Kiekert AG, 155 F.3d 254, 262-65 (3d Cir. 1998).

Dialight, 2015 U.S. Dist. LEXIS 139444, at *8 n.4.   This Court's holding in Dialight is

instructive, and frames Defendants' argument that the Court must dismiss Display Works'

complaint for lack of personal jurisdiction.

## IV.   THE COURT LACKS GENERAL PERSONAL JURISDICTION OVER DEFENDANTS.

To establish general personal jurisdiction – or jurisdiction tied to the forum in general

rather than the nonresident defendant's alleged wrongdoing – the plaintiff must establish that the

nonresident defendant maintains current "continuous and systematic" contacts with the forum.

IMO Indus., 155 F.3d at 259 n.2; Atkinson & Mullen Travel v. NY Apple Tours, No. cv-97-4460,

1998 U.S. Dist. LEXIS 20393, at *4-5 (D.N.J. Sept. 14, 1998).  This is a particularly high bar in

light of recent United States Supreme Court precedent, which holds that "only a limited set of

affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011).

### A.     The Court Lacks General Personal Jurisdiction Over Derse.

Establishing general personal jurisdiction over a nonresident corporate defendant is a very high bar. Indeed, under recent Supreme Court precedent, a district court does not have general personal jurisdiction over a foreign corporation (whether national or international)[2] unless the entity is "at home" in the forum. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-62 (2014). Absent exceptional circumstances, a corporate defendant is only at home in two places, its place of incorporation and principal place of business. *Id.* This Court recently examined *Daimler's* effect on its general jurisdiction analysis, holding that:

> "The Supreme Court "fundamentally altered" the analysis of general jurisdiction in *Daimler AG v. Bauman*. The Court raised the bar so that a corporation's contacts in a forum must be so "continuous and systematic" that they render the corporation "essentially at home in the forum state" in order to find general jurisdiction. Whether a corporation is "at home" principally depends on if it is incorporated in the forum, or has its principal place of business there. It is an "exceptional case" where general jurisdiction may be exercised over a corporation that is not incorporated in the forum, nor has its principal place of business in the forum."

---

[2] *Daimler* discussed personal jurisdiction (or lack thereof) over an international corporate defendant. *Daimler*, 134 S. Ct. at 746. However, this Court applies Daimler's holding to national corporate defendants with equal force. *See Touzot v. ROM Dev. Corp.*, No. 15-6289, 2015 U.S. Dist. LEXIS 140343, at *23-24 (D.N.J. Oct. 15, 2015) (applying *Daimler's* "at home" standard to a Rhode Island company with its principal place of business in Rhode Island); *Erdman v. Union Pac. R.R.*, No. 15-5776, 2015 U.S. Dist. LEXIS 153534, at *13-16 (D.N.J. Nov. 12, 2015) (applying *Daimler's* "at home" standard to a Utah company with its principal place of business in Nebraska).

*Novotec Pharma LLC, v. Glycobiosciences, Inc.*, No. 15-1315, 2016 U.S. Dist. LEXIS 452, at *5-6 (D.N.J. Jan. 5, 2016) (citations omitted) (citing *Daimler AG*, 134 S. Ct. at 760-762). Here, it is undisputed that Derse is a Wisconsin corporation with its principal place of business located in Wisconsin. (Dkt. 1, ¶ 7.) This alone demonstrates the Court's lack of general jurisdiction over Derse post-*Daimler*.

Even if *Daimler* did not foreclose the exercise of general jurisdiction in this case (it does), Derse's contacts with New Jersey do not demonstrate sufficient contact to render it "at home" in New Jersey – they do not even come close. In *Daimler*, the plaintiff presented evidence that the defendant was actively engaged in substantial business in the forum, including maintaining "multiple" facilities and a "regional office" in the forum, and was the most successful market participant in its field within the forum. *Daimler*, 134 S. Ct. at 752. Despite this forum presence, the Supreme Court described defendant's forum contacts as "slim" and noted that the contacts "hardly render [the defendant] at home [in the forum]" given that the defendant was not incorporated in the forum and did not maintain its principal place of business in the forum. *Id.* at 760.

Here, Derse's contacts with New Jersey are far more limited in scope than the defendant's contacts in *Daimler*. As discussed above, Derse is not incorporated in New Jersey and does not maintain its principal place of business in New Jersey. (Dkt. 1, ¶ 7; Beckett Decl., ¶¶ 2-3.) Derse does not maintain corporate offices in New Jersey, does not own or lease any property in New Jersey, and does not maintain any bank accounts in New Jersey. (Beckett Decl., ¶¶ 5-8.) Moreover, a mere 0.31% of Derse's revenue for 2015 was generated by business conducted in New Jersey. (*Id.*, ¶ 9.) In 2014 and 2013, those revenue amounts we approximately 0.17% and .08 % respectively. (*Id.*) Derse does currently have three employees (out of 456 total employees) operating out of their homes in New Jersey. (*Id.*, ¶ 4.) Even the

8

most liberal reading of *Daimler* and its progeny demonstrate that these limited contacts are not systematic and continuous enough to render Derse essentially "at home" in New Jersey for purposes of general personal jurisdiction. *Daimler*, 134 S. Ct. at 760; *Goodyear Dunlop Tires Operations, S.A. v. Boston*, 131 S. Ct. 2846, 2854 (2011).

> **B.     The Court Lacks General Personal Jurisdiction Over Bartley.**

The Court lacks general personal jurisdiction over Bartley for a number of independent reasons. First, individual defendants are typically subject to general jurisdiction only in the forum in which they are domiciled – in other words, their home. *Riedl v. McConchie*, No. 14-3925, 2015 U.S. Dist. LEXIS 60309, at *5 n.3 (D.N.J. May 8, 2015) (citing Daimler, 134 S. Ct. at 761). Display Works admits that Bartley lives in California and, as such, the Court cannot properly exercise general personal jurisdiction over him. (Dkt. 1, ¶ 6.)

Second, Display Works has failed to establish or even allege that Bartley has "continuous and systematic" contacts with New Jersey sufficient to subject him to general jurisdiction in New Jersey. *Id.* Just like the plaintiff in *Dialight*, Display Works has "provided no evidence, nor even alleges" that Bartley owns or leases property in New Jersey, maintains bank accounts in New Jersey, pays taxes in New Jersey, visits New Jersey on a regular basis, conducts substantial business in New Jersey, or has any regular contact with New Jersey at all – let alone "continuous and systematic" contact. (*See* Dkt. 1.) This makes sense given that has no contacts with new Jersey and has only visited New Jersey once, and only then because he was required to do so in connection with his Display Works employment. (Bartley Decl., ¶ 9.)

Finally, even if Bartley's contacts with Display Works during his employment established continuous and systematic contact with New Jersey (they do not and cannot), the Court still lacks general personal jurisdiction over Bartley because, in addition to being continuous and systematic, a nonresident defendant's forum contacts must be *current* to establish

9

jurisdiction.  See *Atkinson*, 1998 U.S. Dist. LEXIS 20393, *4-5 (finding that court lacked general personal jurisdiction where the defendant "does not have current continuous and substantial contacts with New Jersey").  Display Works has not alleged that Bartley has any current contacts with New Jersey.  Again, this is with good reason as Bartley has none.  (Bartley Decl., ¶8.)

## V.    THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER DEFENDANTS.

Specific personal jurisdiction under the Due Process Clause focusses on "the relationship among the defendant, the forum, and the litigation."  *IMO Indus.*, 155 F.3d at 259 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1997)).    There are two components to specific personal jurisdiction.  First, the plaintiff must demonstrate that the defendant has "constitutionally sufficient 'minimum contacts' with the forum."  *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  Second, even if the plaintiff demonstrates sufficient minimum contacts the Court may only exercise jurisdiction if it determines, in its discretion, that doing so will "comport with traditional notions of fair play and substantial justice."  *Id.* at 259 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

For a defendant's minimum forum contacts to be constitutionally sufficient "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 134 S. Ct. at 1121.  This substantial connection "must arise out of contacts that the "defendant *himself*" creates with the forum State.  *Id.* at 1122 (quoting *Burger King Corp.*, 471 U.S. at 475 (emphasis in original)).  To this end, a plaintiff's contact with the forum, however pervasive or significant, cannot be decisive in determining whether a nonresident defendant has the requisite minimum contacts to comport with due process.  *Id.* at 1122.  Likewise, a nonresident defendant's contacts must be "*with the forum State itself*" and not merely with persons who reside there.  *Id.* (emphasis added).  Simply put, "the plaintiff cannot be the only

link between the defendant and the forum." *Id.* This makes sense because the Due Process Clause principally protects the rights of the nonresident defendant, "not the convenience of plaintiffs or third parties." *Id.* (citing *World-Wide Volkswagen*, 444 U.S. at 291-92).

In certain limited circumstances, a court may find the requisite minimum contacts and exercise specific personal jurisdiction "over a nonresident defendant who commits an intentional tort by certain acts outside the forum which have a particular type of effect upon the plaintiff within the forum." *IMO Indus.*, 155 F.3d at 261. This mode of specific personal jurisdiction, recognized by the United States Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984), requires a finding that: (1) the defendant committed an intentional tort; (2) that the plaintiff felt the brunt of the harm in the forum; and (3) that the defendant "expressly aimed" the tortious conduct at the forum. *IMO Indus.*, 155 F.3d at 265-66. To pass the so called "*Calder* effects test," the harm and conduct must be such that the forum – not the plaintiff – may be said to be the focus of each. *Id.*

## A.   The Court Lacks Specific Personal Jurisdiction Over Bartley And Derse.

This Court's decision in *Dialight* reinforces the notion, as articulated by the United States Supreme Court in *Walden*, that a defendant's relationship to the forum must arise from contacts that the defendant *himself* has with the forum in order for those contacts to form the basis for the Court's exercise of specific personal jurisdiction. Contrary to this principle, Display Works' Complaint improperly attempts to graft Display Works' contacts with New Jersey to Bartley and Derse in order to establish specific personal jurisdiction. However, just like the defendant in *Dialight*, Defendants' only suit-related contacts with New Jersey were occasioned solely by their affiliation with Display Works, which just happened to be located in New Jersey. This is especially true for Bartley, who had no contacts with New Jersey at all absent Display Work's decision to operate there. (*See* Bartley Decl.) Display Works' Complaint bears this out, as its

11

only allegations regarding Bartley's New Jersey contacts deal with his duties as a Display Works employee; alleging merely that Bartley interacted with employees, executives, computer systems, and information in New Jersey and occasionally visited New Jersey as part of his duties with Display Works.  (*See* Dkt. 1, ¶¶21-22.)  The Complaint does not allege that Bartley has or had any contacts with New Jersey independent of his employment at Display Works because, as explained above, he had none.  (*See* Bartley Decl.)  The Complaint's allegations regarding Derse's suit-related contacts with New Jersey are even more tenuous.  In fact, Derse's only suit-related contact alleged in the Complaint relates solely to the harm that Display Works has suffered in New Jersey.  (*See generally*, Dkt. 1.)  As discussed next, this is clearly not enough to establish specific personal jurisdiction over Derse.  *Dialight*, 2015 U.S. Dist. LEXIS 139444, at *8 n.4 (citing *IMO Indus.*, 155 F.3d at 262-65).

Defendants' lack of contact with New Jersey independent of their relationship with Display Works likewise prevents this Court from exercising Calder jurisdiction over Defendants. In order to pass the *Calder* test for specific jurisdiction premised on an intentional tort, Display Works must demonstrate that Defendants "*expressly aimed* [their] tortious conduct at [New Jersey], and thereby made [New Jersey] the focal point of the tortious activity" and the resulting harm.  *IMO Indus.*, 155 F.3d at 265 (emphasis in original).  Here, Display Works' Complaint falls woefully short.

The Complaint alleges that Bartley and Derse directed their allegedly tortious conduct at Display Works and its clients and that Display Works ultimately felt the resulting harm in New Jersey, but nothing in the Complaint alleges that Defendants *expressly aimed* their conduct at New Jersey.  (*See generally*, Dkt. 1.)  Missing from the Complaint is *any* allegation that Defendants sought to solicit Display Works customers or employees or disrupt Display Works' business operations *in New Jersey*.  (*Id.*)  On the contrary, all of Display Works' allegations

12

regarding Defendants' suit-related conduct are premised on conduct specifically directed at Display Works, not New Jersey. (*Id.*)

As *Dialight* recognizes, a nonresident defendant's allegedly tortious activity is not targeted or directed a forum where the resulting harm is only felt by a plaintiff in New Jersey "by virtue of it [sic] principal place of business being located in this state." *Dialight*, 2015 U.S. Dist. LEXIS 139444, at *8 n.4 (citing *IMO Indus.*, 155 F.3d at 262-65). Moreover, the mere allegation that Display Works felt the harm in New Jersey is not enough to justify exercising personal jurisdiction over Defendants. *Id.* Without something more, the Court cannot exercise Calder jurisdiction – or any specific jurisdiction – over Defendants in this instance.

### B. The Court Lacks Specific Personal Jurisdiction Over Display Works' Breach Of Contract Claim Against Bartley.

In the Third Circuit, "[q]uestions of specific jurisdiction are properly tied to the particular claims asserted. In contract cases, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." *GE v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). The Court must evaluate the "totality of the circumstances surrounding a contract to determine whether the exercise of jurisdiction over the defendant is proper." *Miller Yacht Sales*, 384 F.3d at 99. However, "the act of entering into a contract within a foreign jurisdiction, without more, cannot serve as a basis for asserting personal jurisdiction over a nonresident defendant." *Pinninti v. NRI Med. College*, No. 09-5356, 2010 U.S. Dist. LEXIS 55620, at *22 (D.N.J. June 4, 2010). As the Supreme Court notes, "[i]f the question is whether an individual's contract with an out of state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." *Burger King*, 471 U.S. at 478.

13

It is also not enough that a on party to a contract perform the contract within the forum, as this Court discussed in *Baron & Co. v. Bank of New Jersey*, 497 F. Supp. 534 (E.D. Pa. 1980) (transferred to the District of New Jersey, 504 F. Supp. 1199 (D.N.J. 1981)).  There, the plaintiff attempted to establish personal jurisdiction by arguing that its performance under the contract took place in the forum even if defendant's did not.  *Id.*  This court rejected that argument, holding:

> The fact that the plaintiff's conduct was in pursuance of its agreement with defendant does not impute that conduct to the defendant for jurisdictional purposes.  The voluntary choice by Baron & Company to conduct its business and perform its contract with defendants in Pennsylvania cannot serve to subject the defendant to the jurisdiction of this court unless the defendant has done something to manifest its affiliation with this forum.

*Id.* (citations omitted) (cited with approval by *Stefansky v. LaGamba*, No. A-6265-03T1, 2005 N.J. Super. Unpub. LEXIS 210, at *10-12 (App. Div. Dec. 1, 2005)).  This, again, reaffirms the notion that the plaintiff's contacts cannot be imputed to the defendant for purposes of establishing personal jurisdiction.  *Walden v. Fiore*, 134 S. Ct. at 1122.

Here, Display Works alleges a single claim for breach of contract against Bartley but does not and cannot establish that Bartley's contacts with New Jersey were instrumental in the formation, performance, or breach of the contract at issue.  (Dkt. 1, ¶¶ 55-60.)  Bartley's contract with Design Works was presented to him in California and negotiated and executed in California.  (Bartley Decl., ¶ 2.)  Moreover, Bartley did not perform any job responsibilities for Design Works in New Jersey.  (*Id.*, ¶¶ 4-7.)  Even Display Works' Complaint recognizes that "Bartley was President of the *west coast division* of Display Works" and "worked out of Display Works' office in Irvine, California."  (Dkt. 1, ¶¶ 6, 21 (emphasis added).)  While Bartley did, once, travel to New Jersey and communicate with Display Works employees in New Jersey in performance on the contract, he only did so because Display Works was located in New Jersey.

14

*See Baron & Co.*, 497 F. Supp. 534.  He would just as easily have traveled to Wisconsin, New York, or Alaska had Display Works instead chosen to operate there.  Bartley's contract with Display Works cannot form the basis for specific personal jurisdiction where, as here, Bartley's contacts with New Jersey were not instrumental in the formation, performance, or breach of the contract.

### C.   Exercising Specific Personal Jurisdiction Over Defendants Would Not Comport With Traditional Notions Of Fair Play And Substantial Justice.

Even if Display Works could establish sufficient minimum contacts to subject Defendants to personal jurisdiction in New Jersey (it cannot), the Court should still decline to exercise personal jurisdiction over Defendants because doing so would run counter to traditional notions of fair play and substantial justice.  *IMO Indus.*, 155 F.3d at 259.  The Court must look to the following factors to determine whether the exercise of specific personal jurisdiction over Defendants would offend the traditional notions of fair play and substantial justice: "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the judicial system's interest in obtaining efficient results."  *Fisher v. Teva PFC SRL*, 212 Fed. Appx. 72, 77 (3d Cir. 2006) (citing *Asahi Metal Ind. Co. v. Superior Court of Cal.*, 480 U.S. 102, 114 (1987)).

Here, each of these factors counsels against the exercise of personal jurisdiction because there is a first-filed, parallel proceeding pending between the parties in California state court (the "California Action").  *See Iraheta v. Linebarger Goggan Blair & Sampson LLP*, No. 5:14-cv-413, 2015 U.S. Dist. LEXIS 102246, at *25 and n.55 (M.D. Ga. Aug. 5, 2015) (holding that exerting personal jurisdiction over a defendant in federal court while a parallel state court proceeding is pending does not comport with fair play and substantial justice and raises "the danger of a serious waste of judicial resources in adjudicating the same claims pending" in state

court).   Specifically, Bartley's California Action is seeking declaratory judgment with regard to the validity of his contract with Display Works as well as damages against Display Works for its interference in his prospective economic relationships.   Bartley filed the California Action on January 7, 2016 – nearly one month prior to Display Works' initiation of this action – and a ruling in Bartley's favor in the California Action would be dispositive of many issues in this action.   As such, requiring Bartley and Derse to litigate those issues in two forums on opposite coasts would be highly burdensome and the antithesis of judicial efficiency.

Moreover, Display Works would not be losing its ability to pursue its claims against Defendants because nothing prevents Display Works from seeking relief against Bartley and Derse in the California Action – other than Display Works' own refusal to do so.   Finally, New Jersey's interests in maintaining this action, if any, do not counsel in favor of exercising specific personal jurisdiction.   As discussed herein, any contacts Defendants have had with New Jersey related to their alleged wrongdoing were occasioned only by their contact and relationship with Display Works.   As such, there is nothing forum specific about this action that would require New Jersey to take a special interest in its prosecution.

## VI.    THE DISTRICT OF NEW JERSEY IS NOT THE PROPER VENUE FOR THIS ACTION.

The purpose of the United States Code's venue provision is "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial."   *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979).   28 U.S.C. § 1391(b) governs venue in all civil actions before the District Courts, and provides that venue is proper only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

16

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).  Here, Display Works asserts that venue is proper under § 1391(b)(2) "because a substantial portion of the events giving rise to this action arose in this District."  (Dkt. 1, ¶ 11.)[3]

The Court may dismiss an action for improper venue under Fed. R. Civ. P. 12(b)(3).  In the Third Circuit, "[t]he test for determining venue [under § 1391(b)(2)] is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'"  *C.O. Truxton, Inc. v. Blue Caribe, Inc.*, No. 14-4231, 2014 U.S. Dist. LEXIS 168457, at *14 (D.N.J. Dec. 5, 2014) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).  "The venue provision 'favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial."  *Id.* (quoting source omitted).  To assess whether the events or omissions giving rise to the dispute are "substantial" for purposes of § 1391(b)(2), the Court must examine the nature of the dispute.  "[E]vents or omissions that have only 'some tangential connection' with the dispute are not sufficient to support venue under § 1391(b)(2)."  *Id.* (citing *Cottman*, 36 F.3d at 294).  Moreover, "[i]n cases with multiple claims, venue must be proper as to each claim."  *Cmty. Surgical Supply of Toms River, Inc. v. Medline DiaMed, LLC*, No. 11-00221, 2011 U.S. Dist. LEXIS 82695, at *7 (D.N.J. July 27, 2011) (citation omitted).

This Court recently found venue in the District of New Jersey improper where, as here, the defendant performed the allegedly wrongful acts alleged in the complaint outside of New

---

[3] Defendants agree that venue is not proper under § 1391(b)(1) as Dersey and Bartley do not reside in the same state.  (Dkt. 1, ¶¶ 6-7.)  Venue is further improper under the "catch-all" § 1391(b)(3) because, as explained herein, a substantial portion of events giving rise to Display Works' claims – if they occurred at all – occurred in California, not New Jersey.  Moreover, § 1391(b)(3) cannot apply in any event because, as further explained herein, this Court lacks personal jurisdiction over both Defendants.

17

Jersey.  *Id.*  In *C.O. Truxton, Inc. v. Blue Caribe, Inc.*, a New Jersey corporation brought suit against a Puerto Rican company seeking damages for unjust enrichment and misrepresentation relating to a contract gone awry.  2014 U.S. Dist. LEXIS 168457, at *2-5.  In assessing whether venue was appropriate in New Jersey, this Court held that it considered "the relevant acts or omissions involved with" a breach of contract to "substantially occur" where the defendant's decision to breach took place.  *Id.* at *15-16 (discussing unjust enrichment claim sounding in contract).  This Court also found that the relevant acts or omissions underlying the fraud claims, even though relating to the defendant's intent to provide services in New Jersey, "can only be said to have occurred at the place where Defendants made their alleged misrepresentations."  *Id.* at *16.  This was true despite the fact that the defendant "reached into" New Jersey to specifically contact and solicit business from the plaintiff and later allegedly breached the resulting agreement causing harm to the plaintiff in New Jersey.  *Id.* at 3-10.  Thus, this Court decided to transfer the case to the Western District of Kentucky, where the defendant's allegedly wrongful acts actually took place.[4]

The facts here are similar because the allegations of the Complaint demonstrate that Defendants' alleged wrongful conduct – if it occurred at all – occurred in California, *not New Jersey*.  The Complaint does not allege that either Defendant traveled to New Jersey or was otherwise present in New Jersey when they committed the alleged bad acts.  Rather, even when viewed in a light most favorable to Display Works, the Complaint indicates that the Defendants where nowhere near New Jersey at the time.  And the fact that Defendants allegedly aimed their conduct at New Jersey or reached into New Jersey to harm Display Works – even if they did so

---

[4] While Fed. R. Civ. P. 12(b)(3) permits the Court to dismiss Display Works' Complaint outright – and Defendants believe the Court should do so – the Court may, alternatively, transfer this matter to the appropriate venue pursuant to 28 U.S.C. § 1406(a).  Should the Court choose to do so, Defendants respectfully request the case be transferred to the Southern District of California.

DWT 28924855v2 0106016-000001

intentionally – is simply not enough to establish proper venue.  *See C.O. Truxton*, 2014 U.S. Dist. LEXIS 168457, at *15-16 (noting that it is the location where the defendant's decision to commit the wrongful act took place, not where the consequences of the act are felt, that governs venue).  Because Display Works cannot present even a modicum of evidence indicating that Defendants were in New Jersey when the alleged bad acts occurred, this court must dismiss Display Works' Complaint for improper venue.

## VII.  CONCLUSION.

For the foregoing reasons, Defendants respectfully request an Order dismissing Display Works' Complaint in total for want of personal jurisdiction.

Dated: New York, New York
        February 16, 2016

Respectfully submitted,

By:_____Scott M. Cooper_____

Scott M. Cooper, Esq.
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230

Scott Commerson, Esq. (awaiting admission *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6890

*Attorneys for Defendants Michael Bartley and Derse, Inc.*

Eric H. Rumbaugh, Esq. (awaiting admission *pro hac vice*)
Luis I. Arroyo, Esq. (awaiting admission *pro hac vice*)
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202
(414) 271-6560

*Attorneys for Defendant Derse, Inc.*